```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

**JAMES KIMBROUGH**            )
                               )
vs.                            )   Civil Action No. 3:12-0782
                               )   Judge Sharp/Knowles
**THOMAS WALDON, DDS**         )

### O R D E R

In a previous Order, this case was set for a jury trial on **Tuesday, November 5, 2013, beginning at 9:00 a.m.** The final pretrial conference is set for Friday, November 1, 2013, at 10:00 a.m. before Magistrate Judge Knowles, in Courtroom 661, 801 Broadway, Nashville, Tennessee, 37203. All litigants who will participate in the trial must attend the Final Pretrial Conference.

Litigants shall submit a Joint Proposed Pretrial Order to the Court by **October 25, 2013.** The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court by **October 25, 2013,** the following:

(1) joint proposed jury instructions and verdict forms as follows:

Litigants shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach an agreement. Thereafter, <u>litigants shall jointly prepare and file a set of agreed proposed case specific jury instructions and verdict forms.</u> Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. Litigants shall separately file any disputed jury instructions or verdict forms only after making a good faith effort to prepare a jointly agreed upon instruction.

If technologically possible, the parties shall Submit a Word Perfect or Word compatible computer disk or the agreed proposed jury instructions and verdict forms with the hard copy.

Certain standard, non-case specific jury instructions generally used by the Court are available on the Court's website: http://www.tnmd.uscourts.gov/judge_sharp

(2) witness lists in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) stipulations.

By **October 16, 2013**, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motion shall be filed by **October 25, 2013.**

Expert witness disclosures shall be made timely in

accordance with Fed. R. Civ. P. 26(a)(2) or as otherwise ordered by the Court.  Expert witness disclosure statements shall not be supplemented after the applicable disclosure deadline, absent leave of Court.  No expert witness shall testify beyond the scope of his or her expert witness disclosure statement.  The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines.  The shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed. R. Civ. P. 26(e) no later than thirty (30) days before trial, absent leave of Court.  The Court may exclude evidence or order other sanctions, for violation of a duty or deadline to supplement discovery responses.

By **October 25, 2013,** the parties shall file briefs on the types of damages recoverable and, for each, whether the amount is determined by the Court or the jury.

At the Final Pretrial Conference, litigants shall be prepared to:

    (1)   discuss proposed jury instructions an verdict forms;

    (2)   identify and discuss undisputed facts and issues;

    (3)   discuss the status of discovery;

    (4)   preview proposed testimony;

    (5)   discuss expert testimony;

(6) preview proposed exhibits;

(7) discuss motions in limine;

(8) discuss pretrial briefs; and

(9) discuss settlement.

Pre-trial briefs shall be filed seven (7) working days prior to trial.

There shall be no motions to continue filed after the date of the Final Pretrial Conference absent extraordinary circumstances. If a settlement is reached after juror have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge