UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES KIMBROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00782 |
| v. | ) |
| | ) Judge Sharp |
| | ) Magistrate Judge Knowles |
| THOMAS WALDON, DDS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff James Kimbrough, an inmate at the Lois M. Deberry Special Needs Facility ("DSNF") proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the prison and prison dentist have been and remain deliberately indifferent to Plaintiff's serious medical needs.[1] Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that *Defendant Thomas Waldon's Motion for Summary Judgment* (Docket Entry No. 57) be granted.[2] *See* (Docket Entry No. 65). Plaintiff filed a timely objection to the R & R on September 9, 2013 (Docket Entry No. 68),[3] and Defendant filed a response thereto (Docket Entry No. 73).

The Magistrate Judge entered an R & R in this case on August 26, 2013, concluding,

> . . . viewing all the facts and inferences in favor of the non-moving party, there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion

---

[1] The Court dismissed DSNF from this action on August 17, 2012. *See* (Docket Entry Nos. 10 and 11).

[2] Plaintiff did not respond to the motion or to Defendant's Statement of Undisputed Material Facts.

[3] Within his objection, Plaintiff included a *Motion to Abate* seeking to "abate these proceedings and/or requests that the Court place this case on Administrative Hold. . ." *See* (*Id.* at 6 and Docket Entry No. 69). Respectfully, this motion will be denied.

1

for Summary Judgment (Docket No. 57) be GRANTED, and that this action be DISMISSED.

(Docket Entry No. 65 at 16). In response to the recommendations, Plaintiff asserts in part,

> 1.) No one ever told or advised this pro se prisoner plaintiff that he had to file a written response to the defendant's Motion for Summary Judgment or to the defendant's "Statement of Undisputed Material Facts" that are discussed in The Report and Recommendation (Doc. No. 65) and, in fact, nobody even suggested that the Plaintiff had to file a written response to those motions, not the Court and certainly not the defendant's attorney who "served" them on the plaintiff on June 13, 2013.
>
> ***
>
> 2.) Additionally and contrary to the discussions of Judge Knowles in his Report and Recommendation, there is a genuine issue of material fact that has only recently (came to light) in a filing by the defendant titled "Defendant Thomas Waldon, D.D.S.'s Rule 26(a)(2) Expert Disclosures" dated August 5th 2013 (three entire weeks before Judge Knowles issued his Report and Recommendation) that clearly states on page 5 of that Disclosure the following: … "Mr. Kimbrough was seen by Dr. Waldon on July 30, 2013, who referred Mr. Kimbrough to an oral surgeon for further evaluation."
>
> They do not reveal (why) Dr. Waldon referred Mr. Kimbrough to an oral surgeon, obviously.

(Docket Entry No. 68 at 2-5).

Contrary to Plaintiff's first assertion, a scheduling order was entered on November 6, 2012, specifically addressing Plaintiff's response to dispositive motions. The *Scheduling Order* reads as follows:

> **Dispositive Motions**
>
> All dispositive motions to dismiss and for summary judgment shall be filed by June 13, 2013. Responses to any dispositive motions shall be filed within thirty (30) days. **Plaintiff is forewarned that dispositive motions must be responded to within thirty (30) days unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested.** In responding, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits

or other matter of evidence. **Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.**

(Docket Entry No. 27 at 3-4) (emphasis added). Accordingly, this objection is overruled.

As to Plaintiff's next argument, Defendant's expert disclosure was not "filed" with the Court, and therefore not part of the record before the Magistrate Judge. The presentation of new evidence to the district court that was not presented to the Magistrate Judge is disfavored. *Direct Line Corp. v. Carrington*, 2013 WL 2456712 at *1 (M.D. Tenn. June 6, 2013) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). It is within the court's broad discretion whether or not to receive further evidence when ruling on objections. *Id.*[4] Additionally, Plaintiff was explicitly instructed in the *Scheduling Order* that he "must show there is a material dispute of fact with. . . affidavits or other matter of evidence" and failed to do so until now. Nevertheless, the Court has reviewed *Defendant Thomas Waldon, D.D.S.'s Rule 26(a)(2) Expert Disclosures*, which were attached to Plaintiff's objection as Exhibit 2 and finds the new evidence does not create a genuine issue as to any material fact. Therefore, Plaintiff's second objection is also overruled.

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 65) is hereby ACCEPTED and APPROVED, and Plaintiff's objections thereto (Docket Entry No. 68) are hereby OVERRULED;

(2) *Defendant Thomas Waldon's Motion for Summary Judgment* (Docket Entry No. 57) is hereby GRANTED;

---

[4] "The district judge may accept, reject or modify the recommended disposition: receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

(3) Plaintiff's *Motion to Abate* (Docket Entry No. 69) is hereby DENIED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE